# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| BRYAN D. HOBBS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-01200-TWP-MJD |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) |

## ENTRY ON MOTION FOR AUTHORIZATION OF ATTORNEY FEES PURSUANT TO 42 U.S.C. SECTION 406(b)

This matter is before the Court on Plaintiff Bryan D. Hobbs' attorney, Joseph W. Shull's ("Shull") Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b), which allows for attorneys' fees not in excess of 25% of past due benefits under Title II of the Social Security Act. ([Filing No. 28](#).) Hobbs applied for Disability Insurance Benefits and Supplemental Security for his impairments of major depression, generalized anxiety, chronic pain, asthma, and high blood pressure. ([Filing No. 14 at 2](#).) His application was denied initially, on reconsideration, and again by an Administrative Law Judge. The Appeals Council denied Hobbs' request for review. Hobbs then requested judicial review of the Deputy Commissioner's decision on July 31, 2015. ([Filing No. 1](#)). Upon review, this Court reversed the Deputy Commissioner's decision and remanded the case to the Administrative Law Judge for further proceedings, thereby rendering Hobbs the prevailing party for purposes of the Equal Access to Justice Act (the "EAJA"). ([Filing No. 20](#); [Filing No. 22](#).) Hobbs received payment of $8,592.00 under the EAJA pursuant to this Court's Order on September 22, 2016. ([Filing No. 27](#).) For the following reasons, Counsel's motion is **granted in part**.

# I. DISCUSSION

In cases involving a claim for Social Security Disability Insurance Benefits, 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant … who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

The Deputy Commissioner does not oppose counsel's request for a fee of $12,444.000.00 for 44.75 hours of work. ([Filing No. 31 at 2](#).) However, the Deputy Commissioner opposes granting the entire award, without a fee reduction. *Id.* at 5. Shull, delayed filing his motion for fees under 42 U.S.C. § 406(b) by 263 days.[1] (*See* [Filing No. 28](#).) Due to this 263-day delay, interest has accrued on the EAJA refund at a rate of 2.08%. The Deputy Commissioner recommends a reduction by an amount between $85.00[2] and $324.00[3] to mitigate the prejudice to Hobbs from his counsel's delay in receiving his EAJA fee refund. Shull responds that it would not have been practical to file the § 406(b) motion for attorney fees until after the EAJA attorney fee motion was filed. ([Filing No. 34 at 2](#).)

The Court is charged with determining whether or not there is a timeliness issue to Shull's fee request and whether that warrants a reduction in fees. "It is entirely appropriate for the commissioner or the court to raise, and for the court to consider whether a § 406(b) fee petition

---

[1] The Notice of Award was dated July 15, 2017, and was sent to Hobbs and Shull. ([Filing No. 31-1 at 4](#).)

[2] In the Deputy Commissioner's review, she found other cases in the Northern District that pertain to the "savings clause" of the EAJA; this clause requires the attorney to refund the lesser of the EAJA fee and the § 406(b) to the plaintiff. Courts in this district have called for a reduction based on the interest accruing on the EAJA refund (here $8,592.00 at the statutory rate when the response was initially drafted, in this case 2.08%. ([Filing No. 31 at 3](#).)

[3] The Deputy Commissioner calculated the reduction by reference to an interest rate of 4.75% would cause the reduction to equal approximately $193.00 and calculated it by reference to the 8% rate for money judgments contained by Indiana Code § 24-4.6-101. ([Filing No. 31 at 4](#).)

has been timely field*." Moore v. Comm'r of Soc. Sec.*, No. 1:14-CV-00160-SLC, 2017 WL 3588066, at *3 (N.D. Ind. Aug. 21, 2017) (citing *Richardson v. Astrue*, No. CIV. 07-62-P-H, 2010 WL 2927269, at *1 (D. Me. July 20, 2010)). "A petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). The Deputy Commissioner cites three cases[4] where Shull received a fee reduction due to his delay in filing. ([Filing No. 31 at 3](#).) She believes this evidences an established pattern of behavior and it is prejudice towards Hobbs receiving his EAJA fee refund. *Id.* at 5. The fees awarded under § 406(b) are charged against the claimant, not the government. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S. Ct. 1817, 1820, 152 L. Ed. 2d 996 (2002).

Shull states that his delay in filing was due to the approval of fees for Hobbs' representation by another attorney, Kenneth Schuck ("Schuck"), at the administrative level, which did not occur until February 12, 2018. Shull then filed his § 406(b) fee motion on April 24, 2018. ([Filing No. 34 at 2](#).) The Court notes this was a delay. On November 27, 2017, a notice was sent to Shull requesting him to petition this Court for the attorney fees. The notice discussed withholding $18,444.00 from Hobbs' award to pay for both Shull's and Schuck's services "in anticipation of direct payment of an authorized attorney's fee." ([Filing No. 31-2 at 2](#).) Therefore, the Court will order that the attorney's fee award be reduced to account for the prejudice that resulted to Hobbs because of his attorney's delay. The Deputy Commissioner will be directed to deduct from the portion due to Shull, an amount equal to the interest on the $12,444.00 owed to Hobbs' counsel, as calculated pursuant to the statutory interest beginning on the 91st day after the notice of award

---

[4] *Moore v. Comm'r of Soc. Sec.*, No. 1:14-CV-00160-SLC, 2017 WL 3588066, at *1 (N.D. Ind. Aug. 21, 2017); *Hill v. Comm'r of Soc. Sec.*, No. 1:11-CV-00134-SLC, 2016 WL 2643360, at *2 (N.D. Ind. May 10, 2016); *Blow v. Comm'r of Soc. Sec.*, No. 1:11-CV-00293-SLC, 2015 WL 4591655, at *3 (N.D. Ind. July 28, 2015).

and ending on the date upon which Shull's motion was filed, and add the $85.00 to the amount owed to Hobbs. Shull, then, will receive the remainder of his fee award.

## II. CONCLUSION

For the foregoing reasons, the Court **GRANTS in part** Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b) ([Filing No. 28](#)). The Court awards attorney fees in the amount of $12,359.00, and the Deputy Commissioner shall direct the award be made payable to Hobbs' counsel, Joseph W. Shull. The Deputy Commissioner is further **ORDERED** to deduct from Shull's award $85.00, an amount equal to the interest owed to Hobbs, as calculated pursuant to the statutory interest rate, beginning October 16, 2017 through April 4, 2018.

**SO ORDERED.**

Date: 8/24/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph W. Shull
jshull@joeshull.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov